IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BEN SANDERS, JR.,

                Petitioner,

                                          OPINION AND ORDER

    v.

                                              08-cv-716-bbc

ALFONSO GRAHAM, Chair,
Wisconsin Parole Commission; and
JAYNE HACKBARTH, Commissioner,
Wisconsin Parole Commission,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a proposed civil action for injunctive relief under 42 U.S.C. § 1983. Petitioner Ben Sanders, Jr., an inmate at the Fox lake Correctional Institution in Fox Lake, Wisconsin, alleges that respondents Alfonso Graham and Jayne Hackbarth retroactively applied a parole regulation in violation of his rights under the ex post facto clause of the United States Constitution. He is represented by counsel. Although petitioner has paid the filing fee in full, the court must screen his complaint pursuant to 28 U.S.C. § 1915A.

       In examining a prisoner's claims, the court must interpret them broadly and dismiss any that are legally frivolous, malicious, fail to state a claim upon which relief may be

granted or seek money damages from a respondent who is immune from such relief. 28 U.S.C. § 1915A. Because petitioner alleges facts from which an inference may be drawn that respondents violated his constitutional rights under the ex post facto clause, he may proceed with his complaint.

From a review of petitioner's complaint, I understand him to allege the following.

## FACTS

Petitioner is currently a prisoner at the Fox Lake Correctional Institution in Fox Lake, Wisconsin. Respondent Alfonso Graham is the chair of the Wisconsin Parole Commission. Respondent Jayne Hackbarth is a commissioner on the Wisconsin Parole Commission.

On June 12, 1973, petitioner was sentenced to two consecutive life sentences with the possibility of parole for the murder of two police officers. He has served approximately 34 years and 10 months of his sentence and became eligible for parole in 1994. The parole commission denied petitioner's application for parole in 1994 and the chair of the commission approved deferral of his next hearing for two years. After the commission denied petitioner parole again in July 1996, the chair recommended a four-year deferral. Subsequently, the commission denied petitioner's 2000, 2002, 2004 and 2006 applications for parole, each time obtaining the chair's approval for a two-year deferral of the next hearing. Although the parole commission has made positive comments about petitioner's

2

behavior, it has continued to deny him parole on the grounds that he would pose an unreasonable risk to the public and that he has not served sufficient time for punishment.

At the time of petitioner's conviction in 1973, the Wisconsin Department of Health and Social Services Parole Board Manual of Policies and Procedures stated that "[i]f the majority of the members present conclude that parole should not be granted, deferral of future parole consideration for a specific number of months up to 12 is made."  In 1981, the department issued new regulations allowing a prisoner's parole hearing to be deferred for more than 12 months upon written approval of the Secretary of Health and Human Services, the Secretary's designee or the parole board chairperson.  Wis. Admin. Code § HSS 30.05(2) (1982); see also Wis. Admin. Code § PAC 1.06(2) (2000) (current regulation).

Data provided by the Wisconsin Department of Corrections show that prisoners who receive more frequent parole hearings serve shorter prison sentences.  Since 1981, inmates serving life sentences have served an average of 5.7 years more than inmates who were serving life sentences and were paroled before the enactment of the 1981 regulation.

Petitioner has exhausted his administrative remedies.

DISCUSSION

Petitioner contends that respondents Alfonso Graham and Jayne Hackbarth violated the hearing deferral policy and procedure in effect at the time he was convicted in 1973 and

3

illegally applied a regulation subsequently issued in 1981. He alleges that respondents' retroactive application of the more recent regulation violates the ex post facto clause of the United States Constitution by creating a significant risk that he will serve a longer prison sentence than he would have under the old procedure. As noted above, petitioner requests that the court enjoin respondents from deferring his parole hearings for periods greater than 12 months and require them to apply the regulations in effect at the time he was convicted.

Petitioner appropriately brought his claim under 42 U.S.C. § 1983. Wilkinson v. Dotson, 544 U.S. 74, 76 (2005) (prisoner challenge to state parole procedure cognizable under § 1983 where requested relief would only render procedure invalid and not directly compel speedier release). He is correct that in some instances, retroactive changes in laws governing parole of prisoners may violate the ex post facto clause, which bars retroactive enactments that increase the punishment for a crime after its commission. Garner v. Jones, 529 U.S. 244, 249-50 (2000).

In considering an ex post facto challenge, the court must focus on whether a legislative change "increases the penalty by which a crime is punishable," and not on whether the change "produces some ambiguous sort of 'disadvantage.'" Califormia Department of Corrections v. Morales, 514 U.S. 499, 506 n. 3 (1995). In Morales, the Supreme Court considered a change in parole procedure almost identical to the one at issue in the instant case. An amendment to a California statute allowed parole hearings to be deferred for up

4

to three years in certain cases, while the old statute had required annual hearings. Id. at 503. The Court found that because the amendment created only the "most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment," "such conjectural effects are insufficient under any threshold we might establish under the Ex Post Facto Clause." Id. at 509.

In Garner, the Supreme Court revisited and clarified its holding in Morales relating to the retroactive application of a procedural rule that changed the required frequency of parole hearings. The Court held that in order to state an ex post facto claim, a prisoner must demonstrate that the retroactive procedural change created a "sufficient risk of increasing the measure of punishment attached to the covered crimes." Garner, 529 U.S. at 250 (quoting Morales, 514 U.S. at 509); see also Altman v. Frank, 2006 WL 680994, *3 (W.D. Wis. Mar. 15, 2006), aff'd, 202 Fed. Appx. 916 (7th Cir. 2006) (citing same). The Court explained that "[w]hen the rule does not by its own terms show a significant risk," a prisoner must produce "evidence drawn from the rule's practical implementation . . . that its retroactive application will result in a longer period of incarceration than under the earlier rule." Id. at 255.

In this case, petitioner alleges that data relating to the implementation of the newer rule show that prisoners serve longer prison sentences than prisoners who were subject to the old rule. Because petitioner's allegations are sufficient to state an ex post facto claim, he will

5

be allowed to proceed with his complaint. However, I note that petitioner will not have an easy time proving that the retroactive application of the regulation created a significant risk of a prolonged sentence. He will need to establish how the statistical data apply to his case and show that more frequent parole hearings would have not resulted in the denial of his release on parole on the same grounds of public safety and punishment.

ORDER

IT IS ORDERED that pursuant to 28 U.S.C. § 1915A, petitioner Ben Sanders may proceed with his claim that defendants Graham and Hackbarth retroactively applied a parole regulation in violation of his constitutional rights under the ex post facto clause.

Entered this 8th day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge