IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BEN SANDERS, JR.,

          Plaintiff,

    v.

ALFONSO GRAHAM, Chair,
Wisconsin Parole Commission; and
JAYNE HACKBARTH, Commissioner,
Wisconsin Parole Commission,

          Defendants.

OPINION AND ORDER

08-cv-716-slc

---

On January 9, 2009, Judge Crabb granted plaintiff Ben Sanders, an inmate at Fox Lake

Correctional Institution, leave to proceed on his § 1983 claim that respondents Alfonso Graham

and Jayne Hackbarth retroactively applied a parole regulation in violation of his rights under the

ex post facto clause of the United States Constitution.  Dkt. 5.  On February 20, 2009, the

parties consented to my jurisdiction in this case.  Dkts. 17 and 19.  Now before the court is

plaintiff's proposed amended complaint.  Dkt. 20.

Just as the court screened plaintiff's initial complaint, I must screen his proposed

amended complaint.  28 U.S.C. § 1915A.  I note that the form of plaintiff's first amended

complaint does not comply with this court's policy that an amended complaint must look just

like the original complaint, except that plaintiff is to point out any new defendants by

highlighting their names in the caption and highlight all the new or modified allegations that he

has made to the body of the complaint or to his requests for relief.  However, because plaintiff's

amendments are straightforward, I will consider them.

The first amended complaint names the same defendants but adds another claim for

relief.  As an alternative to an injunction preventing defendants from deferring plaintiff's parole

hearings for more than 12 months (claim 1), plaintiff seeks an order requiring that his parole eligibility and hearings be determined according to regulations and policies in effect at the time he was sentenced.  Specifically, he requests that his parole hearings occur no greater than 12 months apart, no one in support or opposition to his parole be allowed to appear at the hearings and that he have the opportunity to be heard by a three-person board that considers itself an advocate for the parole applicant and society.  In addition to this claim, plaintiff has made several minor revisions to his initial complaint.  Because this is a removal case, plaintiff has added facts showing this court's jurisdiction.  Amended complaint, dkt. 20 at ¶¶ 5-6.  Although the content is the same as in the initial complaint, several paragraphs and exhibits are renumbered.  Plaintiff also adds the fact that he was denied parole in 2008.  *Id.* at ¶ 14.

I conclude that plaintiff's first amended complaint states the claim on which plaintiff was previously granted leave to proceed and states a new claim as well.  Thus, plaintiff's first amended complaint will be the operative pleading in this case.  Plaintiff will be granted leave to proceed on both of his claims that defendants violated his constitutional rights under the ex post facto clause.

I understand petitioner to allege the following in his first amended complaint.

FACTS

Petitioner is currently a prisoner at Fox Lake Correctional Institution in Fox Lake, Wisconsin.  Respondent Alfonso Graham is the chair of the Wisconsin Parole Commission.  Respondent Jayne Hackbarth is a commissioner on the Wisconsin Parole Commission.

On June 12, 1973, petitioner was sentenced to two consecutive life sentences with the possibility of parole for the murder of two police officers.  He has served approximately 34 years

and 10 months of his sentence and became eligible for parole in 1994.  The parole commission denied petitioner's application for parole in 1994 and the chair of the commission approved deferral of his next hearing for two years.  After the commission denied petitioner parole again in July 1996, the chair recommended a four-year deferral.  Subsequently, the commission denied petitioner's 2000, 2002, 2004, 2006 and 2008 applications for parole, each time obtaining the chair's approval for a two-year deferral of the next hearing.  Although the parole commission has made positive comments about petitioner's behavior, it has continued to deny him parole on the grounds that he would pose an unreasonable risk to the public and that he has not served sufficient time for punishment.

At the time of petitioner's conviction in 1973, the Wisconsin Department of Health and Social Services Parole Board Manual of Policies and Procedures stated that "[i]f the majority of the members present conclude that parole should not be granted, deferral of future parole consideration for a specific number of months up to 12 is made."  In 1981, the department issued new regulations allowing a prisoner's parole hearing to be deferred for more than 12 months upon written approval of the Secretary of Health and Human Services, the Secretary's designee or the parole board chairperson.  Wis. Admin. Code § HSS 30.05(2) (1982); *see also* Wis. Admin. Code § PAC 1.06(2) (2000) (current regulation).

Data provided by the Wisconsin Department of Corrections show that prisoners who receive more frequent parole hearings serve shorter prison sentences.  Since 1981, inmates serving life sentences have served an average of 5.7 years more than inmates who were serving life sentences and were paroled before the enactment of the 1981 regulation.

Plaintiff did not appear at his 2008 hearing because the victim's family was going to appear. Under the regulations in place at the time plaintiff was sentenced, the victim's family would not have been allowed to attend the hearing. Plaintiff filed an appeal on this ground but defendant Graham denied it. In denying his parole in 2008, the Parole Commission wrote that "there is considerable opposition to any release . . . from the community, the police community and members of the victim's family."

At the time of plaintiff's conviction, the parole board manual stated the following:

- The board was to "make decisions solely on the merits of each individual case and in no manner to be influenced by institution populations, political pressures, or the prior social or economic status of the offender."

- The board considered itself an advocate for the public interest and an advocate for the interest of the parole applicant.

- "[I]ncarceration should occur and should persist only after all reasonable alternatives have been considered and rejected."

In 1976, the parole board consisted of appointed civil service members and no one was allowed to appear at parole hearings to advocate for or against an applicant's parole. In 1993, the Wisconsin Parole Commission was created as an administrative arm of the Department of Corrections and the commissioner became a gubernatorial appointee subject to political pressures. New regulations provide for direct input from the victim in cases of first-degree intentional homicide. These changes have led to the denial of plaintiff's parole and a retroactive increase in his punishment. After the 1993 changes to parole guidelines, inmates serving life sentences have served an average of 8.71 years more than inmates who were serving life sentences and were paroled between 1982 and 1993.

Petitioner has exhausted his administrative remedies.

4

DISCUSSION

Plaintiff already has been granted leave to proceed on his ex post facto claim that defendants violated the hearing deferral policy and procedure in effect at the time he was convicted in 1973 and illegally applied a regulation subsequently issued in 1981. His additional allegations do not alter that claim. In the amended complaint, plaintiff sets forth a new ex post facto claim in which he alleges that defendants retroactively applied 1993 regulations by allowing the victim's family members to attend his 2008 parole hearing and not conducting his hearings before a three-member panel that considers itself an advocate for the parole applicant and society. As with his first claim, plaintiff asserts that the retroactively applied procedures created a significant risk that he will serve a longer prison sentence than he would have under the old procedures.

As noted in the previous order, retroactive changes in laws governing parole of prisoners may violate the ex post facto clause, which bars retroactive enactments that increase the punishment for a crime after its commission. *Garner v. Jones*, 529 U.S. 244, 249-50 (2000). In order to state a claim, a prisoner must demonstrate that the retroactive procedural change created a "sufficient risk of increasing the measure of punishment attached to the covered crimes." *Id.* at 250 (quoting *California Department of Corrections v. Morales*, 514 U.S. 499, 509 (1995)); *see also Altman v. Frank*, 2006 WL 680994, *3 (W.D. Wis. Mar. 15, 2006), *aff'd*, 202 Fed. Appx. 916 (7th Cir. 2006) (citing same). The Court explained that "[w]hen the rule does not by its own terms show a significant risk," a prisoner must produce "evidence drawn from the rule's practical implementation . . . that its retroactive application will result in a longer period of incarceration than under the earlier rule." *Garner*, 529 U.S. at 255.

5

In this case, petitioner alleges that data relating to the implementation of the 1993 rules show that prisoners serve longer prison sentences than prisoners who were subject to the previous rules. Because petitioner's allegations are sufficient to state an ex post facto claim, he will be allowed to proceed with his first amended complaint.

ORDER

IT IS ORDERED that pursuant to 28 U.S.C. § 1915A, petitioner Ben Sanders may proceed with his two claims that defendants Graham and Hackbarth retroactively applied parole regulations in violation of his constitutional rights under the ex post facto clause.

Entered this 24th day of March, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

6